IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**

v.                    No. 4:20-CR-00259-BRW
                      No. 4:23-CV-00794-BRW

**BRANDON WHITE**

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 41) is DENIED.

### I.  BACKGROUND

On February 16, 2022, Defendant pleaded guilty to being a felon in possession of a firearm.[1]  On May 18, 2023, he was sentenced to 37 months in prison.[2]  He did not appeal.

On August 28, 2023, Defendant filed a § 2255 motion alleging that his conviction is unconstitutional based on a recent Third Circuit opinion.[3]

### II.  DISCUSSION

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255.[4] Since Defendant did not file an appeal, his one-year filing period commenced on June 2, 2022, and expired on June 2, 2023.[5]  The motion is not dated, but has an August 28, 2023, file stamp,

---

[1] Doc. No. 34.

[2] Doc. No. 39.

[3] Doc. No. 41.

[4] 28 U.S.C. § 2255, ¶6.

[5] Unappealed federal criminal judgments become final when the time for filing a direct appeal expires.  See *Anijulo-Lopez v. United States*, 541 F.3d 814, n. 2 (8th Cir. 2008).  The time for

1

so it is untimely. Additionally, Defendant has provided no reasons supporting equitable tolling of the statute of limitations.[6]

As to the substance of the motion, Defendant argues that, because his felony convictions were non-violent drug offenses, 18 US.C. § 922(g)(1) is unconstitutional as applied to him. On June 2, 2023, the Eighth Circuit Court of Appeals rejected this exact argument.[7] Accordingly, even if it were timely, Defendant's motion is meritless.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 41) is DENIED.

IT IS SO ORDERED this 28th day of August, 2023.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

filing a notice of appeal in a criminal case is 14 days after the entry of the judgment. *See* FED. R. CRIM. P. 4(b)(A).

[6] See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).

[7] *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023) (holding "that the district court was correct that § 922(g)(1) is not unconstitutional as applied to" a defendant with non-violent felony drug convictions).